# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2668

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Royal Taylor, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 12, 2005
Filed:  April 25, 2005

_____

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Royal Taylor pled guilty, pursuant to a plea agreement, to a two-count indictment for sexually exploiting a minor.  At sentencing Taylor objected to the district court's[1] enhancement of Taylor's offense level based on a finding that Taylor had engaged in a "pattern of activity" involving sexual conduct with minors.  The district court overruled the objection and sentenced Taylor to 188 months imprisonment and three years supervised release.  On appeal, Taylor argues the

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

district court erred, in violation of <u>Blakely</u>, by enhancing his offense level based on a finding that he had engaged in a pattern of activity. We find no error and affirm.

## I.    BACKGROUND

The government charged Taylor in a two-count indictment with sexually exploiting a minor. Count I charged that between March 1, 2003 and April 15, 2003 Taylor videotaped three minors as they engaged in sexual activity. Count II alleged that on another occasion during this same period, Taylor videotaped himself and one of the three minors engaging in sexual activity. In each instance, Taylor used a camcorder that traveled in interstate commerce.

Taylor pled guilty to the charges pursuant to a plea agreement. In the plea agreement, Taylor agreed not to appeal the sentence if it was consistent with the plea agreement. The presentence investigation report recommended an enhancement to Taylor's offense level, because Taylor engaged in a "pattern of activity" involving sexual conduct with minors. Taylor objected to the presentence investigation report's recommendation.

At sentencing, the district court overruled Taylor's objection, enhanced his offense level based on the finding that he engaged in a "pattern of activity" involving sexual conduct with minors, and sentenced him to concurrent sentences of 188 months imprisonment on both counts, to be followed by three years supervised release. Taylor filed a timely notice of appeal. The government filed a motion to dismiss the appeal. This court ordered the motion would be taken with the case.

## II. DISCUSSION

We reject the motion to dismiss, notwithstanding the waiver of Taylor's Sixth Amendment claim, as we can review the sentence for unreasonableness.[2] United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (Breyer, J.).

Here, the statutory maximum for each of Taylor's charged counts is twenty years (the statutory minimum for each count is ten years). The district court sentenced Taylor to fifteen years and eight months for each count and ordered the sentences to be served concurrently. The district court did not exceed the statutory maximum, and the district court sentenced Taylor to the middle of the enhanced guideline range. In addition, Taylor admitted to all of the facts that the district court used to enhance Taylor's offense level. We conclude that Taylor's sentence was not unreasonable.

## III. CONCLUSION

Accordingly, we affirm the judgment of the district court.

_____

_____

[2]We do not dismiss the appeal based on Taylor's appeal waiver in the plea agreement, because we may address whether Taylor's sentence was unreasonable. See United States v. Killgo, 397 F.3d 628, 630 n.4 (8th Cir. 2005) (stating "[w]hile Killgo's appeal waiver is sufficient to bar his Sixth Amendment claim, we recognize that it did not waive the application of a constitutional standard of review on appeal.").